BRETT L. TOLMAN, United States Attorney (#8821)
KARIN FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake city, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:07 MJ 45 WB |
|---|---|---|
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| | : | |
| ED REGALADO, | : | VIO:18 U.S.C. § 2422(b) |
| | : | [Coercion and Enticement For Illegal |
| Defendant | : | Sexual Activity]; |

Before Honorable Brooke Wells, United States Magistrate Judge for the District of

Utah, appeared the undersigned, who on oath deposes and says:

COUNT I
(18 U.S.C. § 2422(b))
(Coercion and Enticement)

Between January 16, 2007, and February 12, 2007, in the Northern Division of the

District of Utah,

ED REGALADO,

1

the defendant herein, did knowingly and intentionally, by means of a facility of interstate commerce, persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, or attempted to so persuade, induce, entice, and coerce; all violation of Title 18, United States Code, Section 2422(b).

## STATEMENT OF FACTS

I, Agent Colton Johansen, with the Northern Utah Internet Crimes Against Children Task Force, being duly sworn, hereby depose and state as follows:

1. I am an Agent with the Northern Utah Internet Crimes Against Children Task Force, and have been a member of this task force for two years.

2. My training includes training in on-line investigations and various crimes against children investigative courses. In the course of my employment, I have investigated numerous cases involving coercion and enticement.

3. This affidavit is made in support of a criminal complaint charging ED REGALADO with attempting to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

4. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

5. Your affiant knows that between January 16, 2007 and February 13, 2007, law enforcement working in an undercover capacity, entered a Yahoo! chatroom using the persona of a 13 year old girl and a screen name "tawni_williams2006." This screen name was contacted via Yahoo! Instant Messenger by an individual using the screen name, "ed." After arrest Regalado admitted to using the screen name "ed" in chats with "tawni" between January 16, 2007 and February 12, 2007.

6. At the start of the chats, on January 16, 2007, "tawni" told REGALADO she was "13" in response to his questions about her age and location. Initially, REGALDO responded indicating he was from Nevada and indicated he was 36 years old.

7. In the chat on January 16, 2007, REGALDO expressed concerns because of the age difference between him and "tawni." He stated he had to be "careful" because chatting with her would be illegal. A meeting was not arranged during that chat.

8. REGALDO left off-line message for "tawni" and they chatted again on January 31, 2007. In this chat, "tawni" again confirmed she was 13 years old. He instructed "tawni" to delete all of their chats so he would not go to jail. In this chat, in response to questions of what they would do if hey met, REGALDO asked if "tawni" was a virgin. He expressed concern because he was "big." He stated they would "go slow" when they met. He also stated that it would "hurt" and she would "bleed some" but that she should not be scared. In your affiant's experience, this discussion referred to sexual intercourse.

9. REGALDO chatted again with "tawni" and had a phone call with an

undercover decoy agent between January 31 and February 12, 2007. During these conversations a meeting was arranged for February 12, 2007 in Ogden, Utah.

10. At the time and location arranged for the meeting, REGALDO arrived. REGALDO exited his car and proceeded into the building. REGALDO was arrested at that time.

12. REGALDO was provided his Miranda rights, he waived those rights and agreed to speak with law enforcement. REGALDO admitted he was "ed" and had been chatting with "tawni" on-line. He admitted that he was aware that "tawni" was 13 years old. He admitted that he would have participated in sexual intercourse with "tawni" if she would have agreed to he sexual conduct.

Recovered from REGALDO's vehicle pursuant to an inventory search was a Kodak digital camera; a Cingular LG cell phone, and a Dell laptop computer, dark blue in color. Also recovered was a Viagra pill.

13. I know from experience that Yahoo! is located in Sunnyvale, California and that any transmission from a person using Yahoo! is relayed to and from California. Because defendant and your affiant were using Yahoo! to communicate, the sexually explicit communications traveled in interstate commerce.

14. The defendant, Ed REGALDO, attempted to meet the 13 year-old female in Ogden, Utah for purpose of conducting illegal sexual behavior, which act, if completed would constitute a criminal offense under Utah law. Your affiant submits there is

probable cause to believe that Heaton violated 18 U.S.C. § 2422(b), Coercion and Enticement for Illegal Sexual Activity.

_____
Agent Colton Johansen
Northern Utah Internet Crimes Against Children

SUBSCRIBED AN SWORN TO BEFORE ME THIS /2 DAY OF February, 2007.

_____
Hon. Brooke Wells
United States Magistrate Judge

_____
KARIN FOJTIK
Assistant United States Attorney